# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA F. HOOVER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| CARDWORKS SERVICING, LLC, | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant | ) | |
| | ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANGELA F. HOOVER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CARDWORKS SERVICING, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction over the federal claims contained therein.

3.     Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

- 1 -

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.


## PARTIES

6.      Plaintiff is a natural person residing in Strasburg, Pennsylvania, 17579.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national debt collection company with corporate headquarters located at 101 Crossways Park West, in Woodbury, New York 11797.

9.      Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

- 3 -

## FACTUAL ALLEGATIONS

15.     At all pertinent times hereto, Defendant was hired to collect a debt.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     On or about January 20, 2010, Defendant sent correspondence to Plaintiff in an attempt to collect a debt.  See Exhibit A, Defendant's January 20, 2010, letter.

18.     Defendant represented that it had been retained to collect an account, but failed to conspicuously identify the original creditor of the account. See Exhibit A, Defendant's January 20, 2010, letter.

19.     Defendant's January 20, 2010, letter also did not clearly identity the original account number, but instead referenced "RE: 5770917107856655." See Exhibit A, Defendant's January 20, 2010, letter.

20.     Defendant's correspondence was misleading, as Plaintiff could not determine from its composition the name of the original creditor nor the account that was in question.

21.     Defendant's January 20, 2010, letter went on to demand a lump sum payment by deceptively claiming that "we will consider that above-referenced account settled, in full, if you [Plaintiff] make a one-time payment of $1,069.44 (which equals 60% of the outstanding balance of $1,782.40)." See Exhibit A, Defendant's January 20, 2010, letter.

22.     Defendant's January 20, 2010, letter goes on to offer Plaintiff a second payment option, an "extended offer"; "we will consider the above-referenced account settled, in full," if you make 36 monthly payments of $39.61. See Exhibit A, Defendant's January 20, 2010, letter.

23.     Defendant's second payment option all totaled equals a balance of $1,425.96. See Exhibit A, Defendant's January 20, 2010, letter.

- 4 -

24.     This is again misleading to the Plaintiff, as she could not figure out if $1,782.40 or $1,425.96 was the original amount owed on the alleged debt, or if any of the amounts Defendant quoted where correct.

25.     Additionally Defendant's letter explains; "as long as you are enrolled in the Extended Settlement Program, Defendant will cease collection activity on this account." See Exhibit A, Defendant's January 20, 2010, letter.

26.     Defendant's requirement to enter into a payment program in order for Plaintiff to stop the harassment overshadows Plaintiff's right to dispute the debt and/or request verification of the alleged debt.

27.     Plaintiff believes, and therefore avers, that whatever evidence of the alleged debt Defendant possessed, it was not communicated accurately in the above letter and that such proof, if any, was inadequate to establish that she owed a debt.

28.     Finally, in its correspondence to Plaintiff, Defendant stated that the Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred ($600) or more...." See Exhibit A, Defendant's January 20, 2010, letter.

29.     This statement is false as misleading, as the Internal Revenue Code only requires that an applicable entity report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, an identifiable event, as defined, occurred.

30.     There is no basis to conclude that an identifiable event has or will occur requiring Defendant or the creditor to report any forgiveness of debt to the Internal Revenue Service.

31.     Defendant's efforts in attempting to collect the alleged debt were confusing, deceptive, harassing and, misleading.

- 5 -

PLAINTIFF'S COMPLAINT

## CONSTRUCTION OF APPLICABLE LAW

32.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

33.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 <em>et seq.</em>, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

34.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u>  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection

- 6 -

practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

    b.  Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

    c.  Using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    d.  Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

    e.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, ANGELA F. HOOVER, respectfully prays for a judgment as follows:

    a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- 7 -

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation

costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGELA F. HOOVER, demands a jury trial in

this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: January 18, 2011          BY:_____

Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT

CARDWORKS SERVICING
P.O. BOX 9201
OLD BETHPAGE, NY 11804

January 20, 2010
RE: ███████████6655
Card Processing Center (RAC Trust originally
with FCNB)

Angela F Hover
900 May Post Office Rd
Strasburg, PA 17579-9729

Dear Angela F Hover,

Please be aware that our company, CardWorks Servicing, LLC, has been hired to collect the above referenced debt. This letter is to offer your participation in the CardWorks Servicing Settlement Program. You may settle the above referenced account by choosing either the Lump Sum or Extended offers described below. Please understand we are not obligated to renew this offer.

Lump Sum (1 payment)
We will consider the above-referenced account settled, in full, if you make a one-time payment of $1,069.44 (which equals 60% of the outstanding balance of $1,782.40) prior to the expiration date at the bottom of this letter.

Extended offer (pay over time)
We will consider the above-referenced account settled, in full, if you make payments as follows:
• Remit your first payment in the amount of $39.61 within 35 days of this letter.
• Continue to make monthly payments in the amount of $39.61.
• Payments must be made every 30 days for 36 months.
• Failure to make the agreed upon monthly payments will void this offer, and the current balance will be owed in full.

As long as you are enrolled in the Extended Settlement Program, CardWorks Servicing will cease collection activity on this account. If payments are not made on or before the dates identified above, CardWorks Servicing will resume its attempts to collect the full balance owed and the payment arrangement described in this offer will no longer be honored.

After your settlement is complete, will forgive any remaining balance and report to the credit bureau agencies that this account has been settled.

We have now created three convenient ways for you to settle your debt:
• Visit us at www.solvethatdebt.com and enter your response code (0201-0011-2037-3746)
• Call into our call center at 1-877-487-5583 and make your payment over the phone
• Mail your payment with the voucher below

If you have any questions including the origination of this debt, please contact our office today, toll-free, at 1-877-487-5583. Hours of operation are Monday–Wednesday and Friday 8:00 AM to 9:00 PM EST, Thursday 12:30 PM – 9:00 PM EST, and Saturday 8:00 AM – 4:30 PM EST.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
CardWorks Servicing, LLC
225 W. Station Square Dr.
Pittsburgh, PA 15219

IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW   -   FEDERAL NOTICE:
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If your request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please be advised that the Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred dollars ($600) or more. If the settlement program described above includes the cancellation or forgiveness of debt of $600 or more, IRS Form 1099C will be provided to you in January after all payments have been made, detailing the debt that has forgiven and the amount that will be reported to the IRS. You may want to contact your tax advisor if you have any questions regarding tax implications

*Please detach and return with payment in envelope provided*

Make checks payable to CardWorks Servicing

| Lump Sum Option | OR | Extended payment option | Name:    Angela F Hover |

Lump Sum Option
I'd like to pay $1,069.44, which is 60% of my outstanding balance and settle my debt for good! Enclosed is My Check

OR

Extended payment option
I can't pay my debt off completely right now. Instead, I'd like to spread my payments over 36 months for just $39.61 a month. Enclosed is My Check

Name:    Angela F Hover
Address: 900 May Post Office Rd
             Strasburg, PA 17579-9729

Account number: 5770917107856655
*This offer expires March 31st 2010*
Payment Amount: $ _____

CardWorks Servicing
P.O. Box 5811
Hicksville, NY 11802-5811


PLAINTIFF'S
EXHIBIT
A

5770917107856655000000000001782409